UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEE C. LEWIS,

       Plaintiff,

v.                                                    CASE No. 8:04-CV-2335-T-23TGW

JO ANNE B. BARNHART,
Commissioner of Social Security,

       Defendant.

_____

REPORT AND RECOMMENDATION

       The plaintiff in this case seeks judicial review of the denial of his

claims for Social Security disability benefits and supplemental security

income payments.[1]   Because the decision of the Commissioner of Social

Security is supported by substantial evidence, I recommend that the decision

be affirmed.

I.

       The plaintiff, who was thirty-four years old at the time of the

administrative hearing and who has a high school education, has worked at a

---

[1]This matter comes before the undersigned pursuant to the Standing Order of this
court dated January 5, 1998.  See also Local Rule 6.01(c)(21).

number of jobs, primarily at convenience stores and temporary help agencies.

He filed claims for Social Security disability benefits and supplemental

security income payments, alleging that he became disabled due to "Bipolar

Manic Depressive" (Tr. 93).   The claims were denied initially and upon

reconsideration.

The plaintiff, at his request, then received a <u>de novo</u> hearing

before an administrative law judge.   The law judge found that the plaintiff

suffers from a bipolar disorder (Tr. 22).   He concluded that this impairment

restricts the plaintiff to medium exertional work involving simple, routine,

repetitive tasks that would not be stressful; would not require more than

limited interaction with supervisors, coworkers and the public; and would not

impose strict deadlines (Tr. 27).   The law judge determined that these

restrictions prevented the plaintiff from returning to past work.   However,

based upon the testimony of a vocational expert, the law judge ruled that there

were jobs in the national economy that the plaintiff could perform, such as

small product assembler, mail clerk, and equipment tender (Tr. 30).

Accordingly, the law judge decided that the plaintiff was not disabled.   The

Appeals Council let the decision of the law judge stand as the final decision

of the defendant.

II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A).  A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. 423(d)(3), 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence.  42 U.S.C. 405(g).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the

witnesses.  Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971).  Similarly, it is

the responsibility of the Commissioner to draw inferences from the evidence,

and those inferences are not to be overturned if they are supported by

substantial evidence.  Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir.

1963).  Therefore, in determining whether the Commissioner's decision is

supported by substantial evidence, the court is not to reweigh the evidence,

but is limited to determining whether the record as a whole contains sufficient

evidence to permit a reasonable mind to conclude that the claimant is not

disabled.  However, the court, in its review, must satisfy itself that the proper

legal standards were applied and legal requirements were met.  Lamb v.

Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

### III.

The law judge found that the plaintiff had a severe impairment

of a bipolar disorder.  He concluded further, however, that, at least since the

plaintiff's alleged disability onset date of April 19, 2001, the plaintiff's

condition was stabilized by medication.  Thus, the law judge determined,

reasonably, that, while the plaintiff's disorder significantly impaired his ability

to work, it did not render him totally disabled.  In making this determination,

the law judge accepted that the plaintiff should be restricted to simple, routine,

repetitive tasks that are not stressful, do not involve strict deadlines and require only limited interaction with supervisors, coworkers and the public. Importantly, a vocational expert identified jobs that a person with these limitations could perform.  Thus, the law judge decided that the plaintiff was not disabled.

The plaintiff challenges this decision on five grounds.  None warrants reversal.

The plaintiff's first two contentions are that his condition is so severe that he meets, or equals, a listing in Appendix 1 and thus he is deemed disabled without regard to vocational considerations.  See 20 C.F.R. Part 404, Subpart P, App. 1; Wilkinson o/b/o Wilkinson v. Bowen, 847 F.2d 660, 662 (11th Cir. 1987).

The plaintiff bears the burden of showing that he meets, or equals, a listing.  See McSwain v. Bowen, 814 F.2d 617, 619 (11th Cir. 1987). Moreover, "when a claimant contends that he has an impairment meeting the listed impairments entitling him to an adjudication of disability under regulation 404.1520(d) [or 416.920(d)], he must present specific medical findings that meet the various tests listed under the description of the applicable impairment or, if in the alternative he contends that he has an

impairment which is equal to one of the listed impairments, the claimant must present medical evidence which describes how the impairment has such an equivalency."  Bell v. Bowen, 796 F.2d 1350, 1353 (11th Cir. 1986).

The plaintiff asserts that he meets, or equals, listing 12.04 concerning affective disorders, such as a bipolar disorder.  That listing has both an "A" and "B" part, and the plaintiff argues he satisfies both parts.[2] Assuming, arguendo, the plaintiff can meet, or equal, the "A" part criteria, the law judge concluded that the plaintiff does not satisfy the "B" part criteria.

Part "B" requires the plaintiff to show at least two of the following:  (1) marked restriction of activities of daily living; (2) marked difficulties in maintaining social functioning; (3) marked difficulties in maintaining concentration, persistence or pace; and (4) repeated episodes of decompensation.  No physician or psychologist has stated that the plaintiff meets, or equals, even one of these criteria.  Further, the two reviewing psychologists said that he did not.  Thus, one opined that the plaintiff had a mild restriction of activities of daily living; moderate difficulties in

_____

[2]Listing 12.04 also has a "C" part, and the listing can be met, or equaled, by establishing that part.  The plaintiff makes no argument that he meets, or equals, the "C" part.  Moreover, two non-examining reviewing psychologists expressly concluded that the "C" part was not satisfied (Tr. 240, 281).  No physician or mental health expert has opined that the plaintiff met, or equaled, the "C" part criteria.

maintaining social functioning; moderate difficulties in maintaining concentration, persistence or pace; and no repeated episodes of decompensation of an extended duration (Tr. 239). The other stated that the plaintiff had no restriction of activities of daily living; moderate difficulties in maintaining social functioning; mild difficulties in maintaining concentration, persistence or pace; and no episodes of decompensation of extended duration (Tr. 280). In light of these opinions, and the absence of any opinions concerning the part "B" criteria to the contrary, the law judge could reasonably conclude, as he did, that the plaintiff did not meet, or equal, part "B" of listing 12.04 (Tr. 22).

The plaintiff's second contention is that he meets, or equals, listing 12.06 concerning anxiety-related disorders. To the extent that the plaintiff is suggesting that the law judge did not consider listing 12.06 because he did not expressly refer to it, that suggestion is meritless. The law judge stated that "the findings in evidence do not compare to the listed criteria for [12.04] or for any other sections in Appendix 1" (Tr. 22; see also Tr. 29, ¶4).

The law judge could reasonably determine that the plaintiff did not meet, or equal, listing 12.06 for essentially the same reason he did not

meet, or equal, listing 12.04: The plaintiff does not satisfy the part "B" criteria, which are the same for both listing 12.04 and listing 12.06.

The plaintiff does assert with respect to listing 12.06 that he can satisfy the part "C" criteria, in lieu of the part "B" criteria. The part "C" criteria requires a showing that the disorder results "in complete inability to function independently outside the area of one's home." App. 1, listing 12.06 C. The evidence does not support any such conclusion. The plaintiff regularly works outside the home, and, in fact, had been working part-time as a toll booth collector shortly before the administrative hearing (Tr. 21). Indeed, in 2000, he earned more than $20,000 working at a convenience store (Tr. 349). While these earnings were prior to the time of the alleged onset of disability, the law judge reasonably concluded that the plaintiff's condition over this period was stabilized by medication and there is no evidence of any precipitating event that would cause the plaintiff's condition to deteriorate. The plaintiff testified that his condition is better now that he is being treated with the proper medication (Tr. 356). The evidence therefore clearly does not support a determination that the plaintiff meets, or equals, the "C" part of listing 12.06.

The plaintiff's third and fourth contentions are closely related and appropriately considered together.  In those contentions, the plaintiff argues that the law judge improperly substituted his opinion for those of medical experts and did not give adequate weight to the opinion of a treating physician.

To the extent that the plaintiff is arguing that the law judge could not come to a conclusion contrary to opinions by treating physicians that the plaintiff is disabled, that argument is wrong.  Treating physicians do not have the final say on whether a claimant is disabled within the meaning of the Social Security Act.  Rather, the regulations expressly provide that the Commissioner is "responsible for making the ... decision about whether [a claimant] meet[s] the statutory definition of disability."   20 C.F.R. 404.1527(e)(1), 416.927(e)(1).

The law judge, however, is required to give opinions of treating physicians substantial or considerable weight unless there is good cause for not doing so.  Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004). Good cause exists when the treating physician's opinion is not bolstered by the evidence, the evidence supports a contrary finding, or the opinion is

conclusory or inconsistent with the physician's own medical records. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).

In this case, the plaintiff's treating psychiatrist, Dr. Yvonne Chircop, opined on June 19, 2001, that the plaintiff "apparently has applied for disability and again I do feel that he is unable to be gainfully employed because I do think he suffers from Bipolar Disorder and can become quite ill" (Tr. 339). Significantly, however, there was nothing in the progress note on that occasion indicating that the plaintiff was then "quite ill," and the note stated that the plaintiff "seems pretty stable on his Neurontin" (id.). The law judge expressly mentioned the lack of any severe symptoms at that time (Tr. 23).

Moreover, the law judge gave additional reasons why he was discounting the psychiatrist's opinion that the plaintiff is disabled. Thus, he pointed out that the plaintiff had applied for participation in a bipolar study at about that same time and was rejected (Tr. 23-24). The University of South Florida psychiatrist conducting the study commented that, "[a]lthough technically he meets the criteria, I don't think that he should enter the study because his symptoms are well controlled at this time" (Tr. 265).

The law judge also considered that the treating psychiatrist saw the plaintiff approximately every three months (primarily for fifteen minutes per appointment for medication review).  As the law judge noted (Tr. 24), the scheduling of appointments three months apart indicates, according to the medical form, a "very stable consumer w/o crisis or side effects or major medical problem" (Tr. 333).

The law judge also considered the Global Assessment of Functioning ("GAF") ratings given by the psychiatrist of "probably about 50" (Tr. 336).[3]  Besides this rating being less than certain, the law judge discounted it.  Thus, he stated that he "finds little difference in the treating psychiatrist's reports prior to the alleged disability onset date when a GAF of 65 to 70 was reported as compared to the later reports in 2002 when a GAF of 50 was reported" (Tr. 26).  Having reviewed the entire transcript, I find this a fair and reasonable assessment of the psychiatrist's progress notes.

The law judge also stated (Tr. 26):

---

[3]Ratings of 41 to 50 reflect serious symptoms or any serious impairment in social, occupational or school functioning; ratings of 51 to 60 reflect moderate symptoms or moderate difficulty in social, occupational or school functioning; and ratings of 61 to 70 reflect some mild symptoms or some difficulty in social, occupational or school functioning.  See Doc. 20-2.

> General conclusory statements by the treating psychiatrist to the effect that the claimant could not engage in gainful activity and was totally disabled are not entitled to great weight because they concern issues that are reserved to the Commissioner and are not supported by the findings of the treating psychiatrist or of a consulting psychiatrist who found the claimant unsuitable for a bipolar study because his symptoms were well controlled (20 CFR §§404.1527, 416.927).

These reasons provide sufficient justification for discounting Dr. Chircop's comment that the plaintiff is totally disabled, as well as her GAF rating of "probably about 50."

The plaintiff also mentions in passing that Dr. Luis D. Byrne wrote on an application for relief from a student loan that the plaintiff was totally and permanently disabled (Tr. 285). The plaintiff does not argue that the law judge failed to give proper weight to this statement (see Doc. 19, issue II). In any event, the law judge noted that this comment merely "summarily indicated that the claimant is 'totally disabled'" (Tr. 24). For the same reasons stated with respect to Dr. Chircop, the law judge was entitled to discount this conclusory comment by Dr. Byrne.

In sum, the law judge was authorized to find that the plaintiff was not disabled despite medical opinions to the contrary. Moreover, the law judge has provided sufficient and valid reasons for discounting those opinions.

The plaintiff's final argument is that the law judge found that the plaintiff was not a credible witness. The law judge not only recognized, but cited, the governing standards for evaluating subjective complaints (Tr. 24). Applying those standards, the law judge did not totally reject the plaintiff's allegations. To the contrary, the law judge accepted those allegations for the most part and found that the plaintiff has significant mental limitations.

Initially, it is noted on this point that it is questionable whether the plaintiff even testified to totally disabling symptoms. Thus, the plaintiff said that, on his own he is fine, but that he does not do well with people telling him what to do (Tr. 352). The plaintiff also said he seems to be fine running a cash register and that he can deal with the public in that type of job (Tr. 354). Seemingly, the law judge adequately accounted for problems in those areas by restricting the plaintiff to work that avoids more than limited interaction with supervisors, coworkers and the public (Tr. 27).

The plaintiff testified further that he does not have significant difficulty concentrating, only maybe from time to time (Tr. 355).

Accordingly, the law judge restricted the plaintiff to simple, routine, repetitive work that is not stressful (id.).

In any event, assuming that the law judge's finding of the plaintiff's residual functional capacity is not consistent with the plaintiff's testimony, the law judge has provided sufficient reasons for discounting that testimony.  Thus, the decision stated (Tr. 25):

> The Administrative Law Judge finds several reasons to question the claimant's credibility insofar as he alleges a total inability to work.  First, with his lack of income, the issue of secondary gain is present.   More   importantly,   however,   the claimant's allegations are out of proportion to the statements of his mother and most of the reported medical findings for the documented medical impairments.  While the claimant has alleged a rather extreme degree of symptoms, this degree has not   been   substantiated   on   mental   status examinations,   nor   have   findings   on   such examinations   demonstrated   more   than   mild depression and anxiety.  While he has demonstrated episodic aggravation of his depression and anxiety and his headaches, he has not required emergency room treatment or hospitalization since 1998.  The treatment records from his attending physicians are not compatible with the degree of anxiety and depression   alleged,   particularly   in   that   they specifically   show   that   they   have   been   at   a frequency   indicative   of   a   very   stable   condition without crisis.  The medical record does not show that he has reported such a variety or intensity of complaints to his treating physicians that he has

been incapacitated.  If he had done so, one would expect more frequent and intense evaluations and therapy and documented crises.   Rather, the claimant has received occasional adjustments to his medications to balance the occasional symptoms of agitation or irritation he manifests with his generally mildly dysphoric mood.

It is appropriate to amplify the law judge's point that more frequent and intense therapy would be expected if the plaintiff is as incapacitated as he says.  The plaintiff's bipolar disorder is stabilized by medication.  The plaintiff's alleged problem in working is that he cannot get along with others, particularly supervisors.  The law judge could reasonably conclude that, if this problem were as severe as the plaintiff says, he would undergo therapy for the problem.  There is no evidence in the record of any meaningful therapy during the relevant period; as indicated, the plaintiff's appointments with psychiatrists are at infrequent intervals primarily for fifteen minutes to review medication.  Thus, the absence of meaningful therapy clearly supports the law judge's discounting of the plaintiff's subjective complaints.

Moreover, as indicated, the law judge has also provided other reasons for his credibility determination.  Those reasons are supported by the

evidence and more than sufficient to sustain the law judge's credibility finding.

IV.

For the foregoing reasons, the decision of the Commissioner is supported by substantial evidence. I therefore recommend that the decision be affirmed.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: APRIL 24, 2006

NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal.  28 U.S.C. 636(b)(1).